**FAUST v. UNITED STATES.**

No. 13945.

United States Court of Appeals
Eighth Circuit.

April 26, 1950.

Harold D. Shaft, Grand Forks, N. D. (appointed by the Court), submitted brief for appellant.

P. W. Lanier, United States Attorney, Fargo, N. D., submitted brief for appellee.

Before SANBORN, THOMAS, and JOHNSEN, Circuit Judges.

PER CURIAM.

The appellant was charged, by an indictment in five counts, based on § 1593(b), Title 19 U.S.C.A. [1948 Revised Criminal Code, 18 U.S.C.A. § 545], with having, on five separate occasions, knowingly and fraudulently imported into the United States from Canada, items of merchandise, without filing a manifest and without making a written entry thereof at a port of entry as required by law and the rules and regulations promulgated by the Secretary of the Treasury. He entered a plea of not guilty, was tried to a jury, found guilty, and sentenced, and has appealed.

The appellant had been for many years an Inspector of Customs for the United States, stationed at the port of entry at St. John, North Dakota. He was indicted as the result of an investigation made by Hector C. Lende, United States Customs Agent for the territory of Minnesota, North Dakota and South Dakota. During the course of this investigation, the appellant admitted that he had imported the items of merchandise, subsequently referred to in the indictment, without declaring them.

At the trial the appellant insisted upon acting as his own attorney. The admissions he made to Customs Agent Lende were received in evidence. At the close of the Government's case the appellant took the stand and again admitted that he had imported the merchandise referred to in the indictment, without declaring any of it. He gave as his reason for so doing that he had been aware of many such violations by others, that he had been unable to secure official action with respect to them, and that he had determined to go beyond the line of his duty and commit a violation of the law so gross that it would have to be recognized; this, in the hope that his action would bring about an improvement in the Customs Service.

This Court appointed counsel to represent the appellant. We are indebted to appellant's counsel for an excellent statement of the facts, the applicable law, and the contentions of the appellant. This is one of those distressing cases in which a trusted employee of the Government, with many years of service, suddenly and without any adequate reason, does the very things which it has been his duty to prevent others from doing.

The appellant asserts: (1) that the admissions made by him during his investigation by Customs Agent Lende should have been excluded from evidence at the trial; (2) that, after excluding that evidence, the court, at the close of the Government's case, should have directed a verdict of acquittal; (3) that the court did not permit the appellant to finish his direct testimony before permitting him to be cross-examined; and (4) that the United States Attorney indulged in improper argument.

We can discover no merit in any of these contentions. The district judge did all that was possible to assist the appellant at the trial and to protect his rights. The admissions of which the appellant complains, so far as the record shows, were voluntarily made. Moreover, they differ in no substantial respect from those made by him at the trial. The appellant's testimony was virtually tantamount to a plea of guilty. The argument of the United States Attorney was not improper. The court, the United States Attorney, and the jury were called upon to perform a distasteful duty. The trial was fair, and no errors were committed.

The judgment appealed from is affirmed.